IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Avram Oslick | : | |
| v. | : | No: |
| <u>Loan Depot LLC, aka loanDepot</u> | : | |
| <u>   and Ian Navoy</u> | : | <u>                                        </u> |

# CIVIL COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Avram Oslick brings this civil action, for damages against Defendant Loan Depot LLC, aka ("Credco") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *more specifically section* § 1681b, in having obtained consumer's credit without permissible purpose, after being specifically instructed by the consumer in writing, not to do so, and after Defendant acknowledged consumer's plea not to pull credit and made a false assurance to the consumer that it would not so.

## THE PARTIES

2. Plaintiff, Mr. Avram Oslick is an adult residing in Philadelphia, PA.

3. Defendant, Loan Depot, LLC, is a Foothill Ranch, California-based holding company with a principal place of business within the Jurisdiction of this

Court, at 1515 Market St #1530, Philadelphia, PA 19102, where it regularly conducts business.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania.

## STATEMENT OF THE CLAIM

7. Mr. Oslick was a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c), at all times relevant hereto.

8. Loan Depot is a "consumer lender" as that term is defined by the FCRA.

9. LoanDepot, sometimes stylized as loanDepot, is reportedly the second largest non-bank provider of direct-to-consumer loans in the United States.

10. In the regular course of business, on or around February of 2019, Oslick was attempting to secure a loan with the Defendant, and in the process of that endeavor, Mr. Oslick dealt with an employee of the Defendant's, Mr. Ian Navoy, a recently hired loan officer with Loan Depot.

11. After June of 2019, Ian Navoy acted within the scope of his employment or engagement with the Defendant Loan Depot.

12. However prior to June of 2019, Ian Navoy worked for a different employer, and was purposefully delaying closing the transaction with Oslick with apparent intent to bring Oslick's business over to Loan Depot and therein close his loan, in order to increase his own pecuniary gains.

### FCRA CLAIM UNDER § 1681b

13. During the said time period from February to October 2019, Navoy had caused Loan Depot to make "hard pulls", as that term is defined under FCRA and relevant caselaw, of Oslick's consumer credit report(s), several times.

14. On or about June 18 2019, Mr. Oslick pleaded with Navoy, not to make any more hard pulls of his credit report(s) as follows:

> *Oslick: So please no more hard pulls, I have an immense amount and it is bringing my credit down.*
>
> *Ian Navoy:*
>
> *We run your credit just that one time, we don't need to do it again.*
>
> See **Exhibit A.**

15. Navoy's representations that they only "pulled his report once" and also that "they don' need to do it again", were false and were made with knowledge of falsity, as in fact Oslick's credit was pulled at least (3), three times, and at least

once, (specifically on October 9 2019), after Oslick explicitly directed them not to make any more hard pulls, and that such practice was causing him "*immense issues*". *See* **Exhibit B.**

16. Credco is a 3rd party vendor that provides the broker/lender with a tri-merge report, and loan Depot utilized this vendor to pull not one but all three of Consumer's credit reports without authorization as set forth above. Unauthorized and expressly forbidden hard pulls of Plaintiff's credit, including June and October instances, constitute violations of relevant portions of FCRA, and are not permissible in purposes, § 1681b, as the written exchange between Plaintiff and the Defendant in Exhibit A, supersedes and negates any prior alleged permissible purpose Defendant may have had.

17. As such Defendant's conduct was a proximate cause and had a direct negative impact on Plaintiff's credit which caused him exponential monetary damages.

18. Defendant's conduct was pervasive, reckless, intentional and self-serving to warrant punitive damages.

19. Defendant is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### PRAYER FOR RELIEF Oslick v. Loan Depot LLC

Plaintiffs request judgment in their favor and against Loan Depot LLC, for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

### COUNT II

### BREACH OF FIDUCIARY DUTY

Oslick v. Navoy

20. Plaintiff herein repeats and re alleges all prior averments as if fully stated herein at length.

21. 24. This Court has supplemental jurisdiction of this claim under state tort law under 28 U.S.C. Sec. 1367.

22. At all times relevant hereto Navoy was the loan officer who had actual, apparent or constructive authority to conduct business on behalf of his employer.

23. Oslick reasonably placed his trust with Navoy, and provided sensitive financial documents to Navoy, as per his requests, and all other necessary personal information.

24. As his loan officer, Navoy owed Oslick a fiduciary duty of care, as adopted in Pennsyvania, in ***Restatement (Second) of Agency § 394*** . Thus, in the absence of the employer's consent, "no man can serve two masters," at least where the

interests of those masters conflict. ***Onorato v. Wissahickon Park, Inc.***, 430 Pa. 416, 244 A.2d 22 (1968), citing ***Matthew 6:24***. An agent is a fiduciary with respect to matters within the scope of the agency, and is required to act solely for the benefit of her principal in all matters concerned with the agency. ***SHV Coal, Inc. v. Continental Grain Co.***, 376 Pa.Super. 241, 545 A.2d 917 (1988).

25. Navoy delayed the closing of Oslick's loan in order to bring Oslick's business to Loan Depot, so that the entire ordeal lasted over 10 months, and did not reveal the identity of his new employer to Oslick, referring to it as ( new job).

26. Purposeful or reckless delay by Navoy was entirely self motivated and caused Oslick damages in loss profit, increase costs, increase undue anxiety, humiliation and loss of opportunities, in addition to the damage to his credit outlined above.

**JURY TRIAL DEMAND**
Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted

Predrag Filipovic, Esquire

**LAW OFFICES OF PREDRAG FILIPOVIC, ESQ**

1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel: 267-265-0520; 215-974-7744
Email: PFesq@ifight4justice.com

**Exhibits, A, B**.