IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Avram Oslick | : |
| v. | : No. 2:21-cv-00500-ER |
| Loan Depot LLC, aka loanDepot | : |
| and Ian Navoy | : |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants loanDepot.com, LLC ("loanDepot"), and Ian Navoy ("Navoy" and, together with loanDepot, "Defendants") hereby respectfully submit their reply brief in further support of their Motion to Dismiss Plaintiffs' Amended Complain, Doc. 15. For their reply brief, Defendants respectfully show the Court the following:

I.     **Plaintiff may not amend his Amended Complaint through briefing.**

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1984) *cited with approval in Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988).

In his response to the Motion to Dismiss, Plaintiff for the first time appears to be concerned about possible breaches of "contract" by loanDepot related to the Certificates and Authorizations attached to the Motion to Dismiss and incorporated therein as Exhibits 1 and 2. (*See* Doc. 19, pp. 3-5; Doc. 15-2, 15-3.) Plaintiff specifically discusses purportedly "conflicting agreements" between himself and Defendants with regard to whether loanDepot was authorized to pull his credit reports. (Doc. 19, pp. 3-5.) But the Amended Complaint does not sound in contract, and Plaintiff has not attempted to plead a breach of contract (or related estoppel claim)

against Defendants, or either of them. Plaintiff may not now amend his Amended Complaint through briefing on the Motion to Dismiss that same pleading.

Additionally, Plaintiff appears for the first time to consider "fraud and misrepresentation" claims against Defendants. (Doc. 19, pp. 9-10.) Specifically, Plaintiff argues that "Fraud and Misrepresentation operate to negate Plaintiff's consent . . . ." (Doc. 19, p. 9.) Like any breach of contract claim being manufactured by Plaintiff in his briefing in response to the Motion to Dismiss, Plaintiff may not add a fraud claim against loanDepot or Navoy at this stage. It is impermissible to add claims in response to a Motion to Dismiss rather than by amending one's pleading or seeking leave therefore.[1]

## II. **Authorization and integration clauses are irrelevant to the whether loanDepot had a permissible purpose under the FCRA to full Plaintiff's credit report.**

In Plaintiff's response to the Defendants' Motion to Dismiss, Plaintiff also presents a novel argument that the Motion to Dismiss should be denied because there are "conflicting agreements" about whether Plaintiff permitted loanDepot to pull his consumer report with regard to the loans for which he applied. (Doc. 19, pp. 3-5.) In support, Plaintiff suggests that the lack of "integration clauses" in the June 24, 2019, and September 24, 2019, Certificates and Authorizations (Doc. 15-2, Doc. 15-3), the authenticity of which he does **not** dispute,[2] somehow

---

[1] On a related note, Plaintiff complains that Navoy told him on June 18, 2019, that loanDepot need not pull his credit again. (*See* Doc. 19, pp. 9-10.) But Plaintiff could not have justifiably relied on that alleged statement in light of his subsequent loan applications – specifically the June 24, 2019, and September 24, 2019, Certifications and Authorizations he provided to loanDepot shortly after the alleged June 18 statement was made to him by Navoy. Not only that, but Plaintiff actually swore, under threat of criminal punishment, that loanDepot was permitted and authorized to "order [Plaintiff's] consumer report . . . ." (Doc. 15-2-, 15-3, p. 1.)

[2] On a Motion to Dismiss, the Court may consider any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d

nullifies the clear authorizations he provided and the sworn certifications he made that he had provided consent for loanDepot to run his credit. Plaintiff has cited to a litany of authorities related to integration clauses and their effect. However, he has provided no authority (because indeed there is none) that a lender's act of pulling credit in reliance upon a validly executed authorization is nullified if that authorization does not contain a merger clause. While a merger clause would certainly act in the manner prescribed in the cases provided by Plaintiff, its non-existence does not create any question of fact as to the efficacy of the actual authorizations which he does not dispute that he provided, and which were relied upon by loanDepot in pulling his consumer report for the purpose of evaluating his credit in conjunction with his applications. Indeed, it is quite preposterous for Plaintiff to claim that because he created confusion by his inconsistent statements that, therefore, his claim against loanDepot survives.

Thankfully, however, the analysis is very straightforward (and despite the introduction of Plaintiff's strained argument related to integration clauses and his own prior inconsistent statement). It turns on the simple fact that under the FCRA one must only have a "permissible purpose" to pull credit. One permissible purpose under the statute is if a consumer reporting agency (such as Equifax) furnishes a consumer report to an entity such as loanDepot who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C.A. § 1681b(a)(3)(A). Indisputably, that is exactly what the credit pulls were used for in this matter – "in connection with a credit transaction involving the consumer . . . and involving the extension of credit to . . . the consumer." Id. (*See also* Doc. 15-2, Doc 15-3.) And while Plaintiff clearly provided

---

Cir. 1993) *cited in Brown v. TD Bank, N.A.,* No. CV 15-5474, 2016 WL 1298973, at *1 (E.D. Pa. Apr. 4, 2016).

3

78400296.1

authorization, neither that authorization nor the existence of an integration clause is relevant to any inquiry into the "purpose" for which loanDepot pulled his credit. Indeed, Plaintiff does not even dispute that loanDepot pulled his credit in conjunction with his applications for certain loans.  Accordingly, his claim under the FCRA must fail.

### III. Regardless of any alleged prior statement, Plaintiff made certain promises to loanDepot under penalty of perjury.

Regardless of Navoy's alleged June 18 statement to him about pulling credit, a closer examination of the June 24, 2019, and September 24, 2019, Certifications and Authorizations provided by Plaintiff in his repeated attempts to obtain credit from loanDepot shows that he made certain promises to loanDepot under penalty of perjury. On those dates, Plaintiff not only provided loanDepot permission to pull his credit, but he provided a certification that he indeed had "provided [loanDepot] a verbal and/or written authorization to order a consumer credit report . . . ." (Doc. 15-2, 15-3, p. 1, Certifications, ¶ 4.) Moreover, and perhaps more importantly, Plaintiff made these representations, warranties, and promises in the Certifications and Authorizations (and in his loan applications generally) fully understanding that "it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for a mortgage . . . ." (Doc. 15-2, 15-3, p. 1.) Plaintiff made these certifications, and he also agreed that not only loanDepot but also other entities could rely upon his sworn statements contained within the authorization. (Doc. 15-2, 15-3, Authorizations to Release Information, ¶¶ 3, 5.) This fact was not raised in Defendants' Motion to Dismiss initially because it was not anticipated that Plaintiff would attempt to disavow or discredit his sworn certifications, but he has done just that. (Doc. 19, pp. 3-5, 8-12.) Yet, Plaintiff cannot so easily dispense with his certifications and oaths when he specifically acknowledged that his promises

and authorization to pull his credit, made under threat of criminal punishment, would be relied upon by loanDepot and others.

For this reason, too, loanDepot's purpose in pulling his credit report was permissible under the FCRA and, in any event, was authorized in writing by Plaintiff in order to attempt to obtain the credit he sought from loanDepot.

For all of these reasons, and for the reasons set forth in Defendants' initial briefing on the Motion to Dismiss, Defendants pray that the Motion to Dismiss be granted and the Amended Complaint dismissed with prejudice.

/s/ *Rebecca Solarz*
Rebecca Solarz (PA Atty No. 315936)
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
(215) 627-1322
RSolarz@kmllawgroup.com

-and-

Aaron A. Wagner (admitted *pro hac vice*)
Polsinelli PC
1000 Second Avenue, Suite 3500
Seattle, Washington  98104
(206) 393-5442
aawagner@polsinelli.com

Dated: June 14, 2021

78400296.1