```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AVRAM OSLICK                      :     CIVIL ACTION
                                  :     NO. 21-500
     v.                           :
                                  :
LOANDEPOT.COM, LLC, et al.        :
```

**O R D E R**

**AND NOW**, this **8th** day of **September, 2021**, upon consideration of Defendants' motion to dismiss (ECF No. 15) and the response and reply thereto, and after a hearing on this same date, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

    1.    Count I, violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, is **DISMISSED with prejudice;**[1]

---

[1] Regarding his FCRA claim, Plaintiff contends that Defendants pulled his credit report without a proper purpose and after he specifically asked them not to pull it anymore. Plaintiff made this request shortly after Defendants pulled his credit report in connection with a June 2019 loan application. In response to the request, Defendant Navoy stated "[w]e run your credit just that one time, we don't need to do it again." However, it is undisputed that Plaintiff thereafter signed an authorization for Defendants to pull his credit report in connection with a second loan application in September 2019. Related to this second application, Defendants again pulled Plaintiff's credit report.

Section 1681b lists permissible reasons to pull consumer credit reports. 15 U.S.C. § 1681b(a). These reasons include when a report is pulled: (1) "[i]n accordance with the written instructions of the consumer," or (2) by a person who "intends to use the information in connection with a credit transaction involving the consumer." 15 U.S.C. § 1681b(a)(2) & (3)(A). Defendants' pull of Plaintiff's credit report in September 2019, pursuant to Plaintiff's written authorization and in connection

      2.   Counts II through IV, which are state law claims, are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;[2] and

      3.   The Clerk of Court is directed to mark this case as **CLOSED**.

      **AND IT IS SO ORDERED.**

                                 */s/ Eduardo C. Robreno*
                                 **EDUARDO C. ROBRENO, J.**

---

with a credit transaction, falls under both of these permissible purposes.

      Plaintiff does not contest these facts, but alleges that Navoy's "promise" not to run his credit report again supersedes Plaintiff's later written authorization signed in connection with his second loan application since there is no integration clause in the application documentation. Plaintiff provides no law supporting this proposition within the context of a Section 1681b inquiry into permissible purposes to pull a credit report. Moreover, the Court concludes that Navoy's statement that "[w]e run your credit just that one time, we don't need to do it again," was not a binding promise to never pull Plaintiff's credit report again in connection with any subsequent loan applications. Therefore, viewing the facts in the light most favorable to Plaintiff, he does not state a cause of action under the FCRA. Plaintiff's contention may sound in contract, and may be viable under state law, but appears irrelevant to the federal claim. The simple undisputed facts are that Section 1681b provides the acceptable reasons to pull a consumer's credit report, and Defendants pulled Plaintiff's credit report in accordance with two of the listed reasons. As a result, Defendants have not violated Section 1681b.

[2] Plaintiff predicates jurisdiction on the federal nature of his FCRA claim pursuant to 28 U.S.C. §1331. And the allegations in the amended complaint indicate a lack of diversity jurisdiction. With the dismissal with prejudice of the sole federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).